UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISAAC NSEJJERE MAYANJA,<br><br>                Plaintiff,<br>      v.<br><br>CITY OF SHORELINE, et al.,<br><br>                Defendants. | CASE NO. C25-0429JLR<br><br>ORDER |

## I.    INTRODUCTION

Before the court is *pro se* Plaintiff Isaac Nsejjere Mayanja's amended complaint against Defendants the City of Shoreline, City Attorney Sarah Roberts, City Victim Coordinator Alyssa Schultz Banchero ("City Defendants"),[1] and Michelle Rene Mayanja (together with City Defendants, the "Defendants"). The court has considered Mr. Mayanja's amended complaint and concludes that he states a plausible substantive due

---

[1] Mr. Mayanja sues Ms. Roberts in her official capacity and Ms. Schultz Banchero in her individual and official capacities. (Am. Compl. (Dkt. # 7) ¶¶ 5, 6.)

ORDER - 1

process claim against City Defendants and a plausible § 1983 malicious prosecution claim against Shoreline and Ms. Roberts.  The court, however, DISMISSES Mr. Mayanja's substantive due process claim against Ms. Mayanja, as well as his § 1983 malicious prosecution claim against Ms. Schultz Banchero and Ms. Mayanja, and his claims for fraud, § 1985(3) conspiracy, equal protection, and manifest negligence, for failure to state a claim upon which relief can be granted.

## II.   BACKGROUND

In March 2025, Mr. Mayanja commenced this lawsuit pursuant to 42 U.S.C. §§ 1983 and 1985 alleging that City Defendants violated his rights under the Fourth, Sixth, and Fourteenth Amendments and engaged in fraud, malicious prosecution and manifest negligence in prosecuting him for felony assault.  (1st Compl. (Dkt. # 4) at 1, 18, 23-52, 34.)  He also alleged that Ms. Mayanja made false accusations against him.  (*Id.* at 18.)

On March 17, 2025, United States Magistrate Judge S. Kate Vaughan granted Mr. Mayanja's application to proceed *in forma pauperis* ("IFP") and recommended that the court review Mr. Mayanja's first complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  After reviewing Mr. Mayanja's first complaint, the court determined that the allegations therein failed to state a claim.  (4/1/25 Order (Dkt. # 6) at 2.)  The court dismissed Mr. Mayanja's complaint with partial leave to amend.  (*See id.*)

On April 30, 2025, Mr. Mayanja amended his complaint, alleging claims for (i) substantive due process violations; (ii) § 1983 malicious prosecution; (iii) fraud; (iv) § 1985(3) conspiracy; (v) equal protection violations; and (vi) manifest negligence,

all in connection with his prosecution for felony assault against Ms. Mayanja. (Am. Compl. ¶¶ 39-135.) The court reviews Mr. Mayanja's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(2) to determine whether he states a claim sufficient to survive dismissal. Below, the court discusses the applicable legal standard, and then addresses Mr. Mayanja's claims.

### III.  ANALYSIS

To state a claim, a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Federal Rule of Civil Procedure 8 does not require "detailed factual allegations[;]" however, it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (requiring the plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Furthermore, fraud claims are governed by Rule 9(b), which requires a plaintiff to "state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b); *see also Ticey v. Fed. Deposit Ins. Corp.*, No. C22-1110MJP, 2023 WL 2742055, at *2 (W.D. Wash. Mar. 31, 2023), *aff'd*, No. 23-35614, 2025 WL 671114 (9th Cir. Mar. 3, 2025) (to allege fraud, the plaintiff must provide facts demonstrating the "who, what, when, where, and how" of the misconduct charged) (citation omitted). "In reviewing the sufficiency of a complaint," the court considers "the complaint itself and its attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014).

### A. Substantive Due Process Claim

In his amended complaint, Mr. Mayanja alleges that "with the acquiescence and active encouragement of Shoreline and . . . [Ms.] Schultz Banchero," Ms. Mayanja made false assault accusations against Mr. Mayanja that led to his prosecution and wrongful conviction for felony assault. (*See* Am. Compl. ¶¶ 10-12, 16; *see id.* ¶ 39 (incorporating these paragraphs into his substantive due process claim).) Specifically, he alleges that City Defendants suppressed exculpatory evidence and impeaching information during his criminal proceedings. (*Id.* ¶¶ 14, 17, 20-22, 36.) He further contends that in September 2023, the trial court "overturned the jury conviction premised on [the] suppression of exculpatory evidence" and granted a new trial. (*Id.* ¶¶ 11, 23.) Mr. Mayanja points to Exhibits A, C, E, and G to his complaint as evidence of the alleged suppressed exculpatory and impeaching evidence and the overturned verdict. (*See id.* ¶¶ 11-12, 29, 36.)[2] He further alleges that Shoreline dismissed his criminal case in November 2024. (*Id.* ¶ 14.)

Under the Fourteenth Amendment, substantive due process rights "forbid[] the government from depriving a person of life, liberty, or property in such a way that shocks the conscience or interferes with the rights implicit in the concept of ordered liberty." *Corales v. Bennett*, 567 F.3d 554, 568 (9th Cir. 2009) (internal quotation and citation omitted). To state a substantive due process claim, "a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property." *Samuelson v. Jewell*

---

[2] Mr. Mayanja specifically directs the court to "page 12 at 6" of Exhibit A and to "[p]age 3 at 23" of Exhibit C. (*See id.* ¶¶ 11-12.)

1  *Sch. Dist. 8*, 725 F. Supp. 3d 1195, 1214 (D. Or. 2024) (quoting *Nunez v. City of L.A.*, 147 F.3d 867, 871 (9th Cir. 1998)).  More specifically, a plaintiff "must plead that the government's action was 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.'"  *Cox v. Mariposa Cnty.*, No. 1:19-CV-01105-AWI-BAM, 2021 WL 4976698, at *11 (E.D. Cal. Oct. 26, 2021) (quoting *Lebbos v. Judges of Superior Ct.*, 883 F.2d 810, 818 (9th Cir. 1989)).

Here, Mr. Mayanja alleges that City Defendants made "false, invidious, and pernicious assault allegations" that led to his wrongful conviction.  (Am. Compl. ¶ 10.)  He further asserts that City Defendants improperly suppressed exculpatory and impeaching evidence that would have exonerated him.  (*See id.* ¶¶ 29, 31-32.)  The court has reviewed the exhibits cited in support of Mr. Mayanja's claims.  (*See id.* ¶¶ 11-12, 29, 36.)  Exhibit A is the trial court's order concluding in relevant part that Shoreline erroneously suppressed certain exculpatory medical records and other documents it had in its possession and that Mr. Mayanja did not receive a fair trial as a result.  (*See id.*, Ex. A at 41-43, 45.)[3]  Mr. Mayanja contends that Exhibit E contains the suppressed medical records.[4]  (*See id.*, Ex. E at 152-60; *id.* ¶ 29.)   The court concludes that Mr. Mayanja has plausibly alleged a substantive due process claim against the City Defendants.  *See Cox*,

---

[3] Mr. Mayanja attached the exhibits to his complaint.  When citing to the exhibits, the court refers to the CM/ECF page numbers at the top of the page.

[4] Exhibit C includes a court order finding that certain documents submitted to the court for *in camera* review contained exculpatory and impeaching information and were therefore discoverable.  (*Id.*, Ex. C at 109.)  Exhibit G includes Shoreline's brief that appears to have been filed before the trial court conducted its *in camera* review.  (*Id.*, Ex. G at 162-72.)  The court therefore did not consider these materials in its analysis.

ORDER - 5

2021 WL 4976698, at *12 (concluding that plaintiff stated substantive due process claim when he alleged in part that county defendants prosecuted him on false accusations and suppressed exculpatory evidence.)

Mr. Mayanja's substantive due process claim against Ms. Mayanja, however, fails as a matter of law. To state a substantive due process claim, a plaintiff must show that a "government official" deprived the plaintiff of a constitutionally protected life, liberty, or property interest. *See Nunez*, 147 F.3d at 871. Because Ms. Mayanja is not a government official, Mr. Mayanja cannot state a substantive due process claim against her. Accordingly, Mr. Mayanja's substantive due process claim against Ms. Mayanja is dismissed with prejudice.

   a. Monell Municipal Liability Claim

Mr. Mayanja separately alleges that Shoreline is liable for the alleged substantive due process violations under a municipal liability theory. (Am. Compl. ¶¶ 44-65.) As the court stated in its April 1, 2025 order, to state a *Monell* municipal liability claim, Mr. Mayanja must plausibly allege either that the alleged "constitutional deprivation was the product of a policy or custom of the local government unit" or that "an officer with final policymaking authority" made a "conscious, affirmative choice" to ratify the alleged unconstitutional action. (4/1/25 Order at 7 (case citations omitted).)

In his amended complaint, Mr. Mayanja alleges that Shoreline had a "practice" of suppressing exculpatory evidence. (Am. Compl. ¶ 62.) Mr. Mayanja also alleges that Shoreline is subject to municipal liability under a ratification theory. Specifically, he asserts that Ms. Roberts is an "official with final policymaking authority." (*Id.* ¶¶ 52; *see*

*id.* ¶¶ 47, 50.) He next contends that Ms. Roberts made the "affirmative choice" to "file[] the case" against him and "ratified the initial disclosure that omitted the exculpatory evidence," including "exculpatory evidence from Ms. [Schultz] Banchero's victim's coordinator file." (*Id.* ¶¶ 45-46, 53, 56.) In construing Mr. Mayanja's pleading liberally, *see McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), the court concludes that he has plausibly alleged municipal liability for substantive due process violations sufficient to survive the pleading stage. *See Luke v. City of Tacoma*, No. C18-5245BHS, 2018 WL 3972021, at *6 (W.D. Wash. Aug. 20, 2018) ("It is sufficient for the purposes of pleading a claim [against a city] that [p]laintiff has alleged that policy-making officials personally directed the investigation against him and approved the decision to omit exculpatory evidence[.]"). The court notes, however, that Mr. Mayanja will ultimately need to demonstrate that Ms. Roberts had final policy-making authority to prove his *Monell* municipal liability claim. *See, e.g.*, *Anderson v. City of Bellevue*, 862 F. Supp. 2d 1095, 1108 (W.D. Wash. 2012) (denying *Monell* claim on summary judgment because "plaintiffs have not directed the court to any legal authority that grants the City Attorney final policy-making authority").

B.  **Malicious Prosecution Claim**

Mr. Mayanja also alleges a § 1983 malicious prosecution claim. (Am. Compl. ¶¶ 66-98.) To state a § 1983 malicious prosecution claim, a plaintiff must plausibly allege that the defendants "prosecuted him with malice and without probable cause, and that they did so for the purpose of denying him equal protection or another specific
ORDER - 7

constitutional right."[5] *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (cleaned up and citation omitted).

The court understands Mr. Mayanja to allege that Shoreline, through Ms. Roberts, wrongfully initiated and continued criminal proceedings against him without probable cause because they were in possession of exculpatory evidence that purportedly demonstrated his innocence. (Am. Compl. ¶¶ 60-75; *see id.* ¶ 45 (alleging that Ms. Roberts "actually filed the case").) He further alleges that Shoreline dismissed his criminal proceedings and that he suffered damages as a result of the prosecution. (*Id.* ¶¶ 28, 94-96.)

The court concludes that Mr. Mayanja pleads sufficient facts to state a § 1983 malicious prosecution claim against Ms. Roberts and Shoreline. As to his claims against Ms. Roberts, "state actors who are made aware of [new exculpatory] evidence but then suppress it may be liable for malicious prosecution under § 1983" where such evidence negates probable cause to continue a prosecution. *Haupt v. Dillard*, 17 F.3d 285, 290 n.5 (9th Cir. 1994). As to his claims against Shoreline, "[l]iability will lie against a municipal entity under § 1983 only if a plaintiff shows that his constitutional injury was caused by employees acting pursuant to an official policy or 'longstanding practice or

---

[5] Malicious prosecution claims under § 1983 are based on the elements of the state law tort action. *Haupt v. Dillard*, 17 F.3d 285, 290 (9th Cir. 1994); *Mills v. City of Covina*, 921 F.3d 1161, 1169 (9th Cir. 2019). To maintain a malicious prosecution claim under Washington law, a plaintiff must plausibly allege: (1) the prosecution was instituted or continued by the defendant; (2) there was want of probable cause for the institution or continuation of the prosecution; (3) the proceedings were instituted or continued through malice; (4) the proceedings terminated on the merits in favor of the plaintiff or were abandoned; and (5) the plaintiff suffered injury or damage. *See Bender v. City of Seattle*, 664 P.2d 492, 500 (1983).

custom,' or that the injury was caused or ratified by an individual with 'final policy-making authority.'" *Pataky v. City of Phoenix*, No. 2:09-cv-0534-HRH, 2011 WL 13183214, at *4 (D. Ariz. Aug. 24, 2011) (quoting *Chudacoff v. Univ. Medical Ctr. of S. Nev.*, 649 F.3d 1143, 1151 (9th Cir. 2011) (citation omitted)). Because the court concludes that Mr. Mayanja has sufficiently pleaded the ratification theory of municipal liability, *see supra*, the court also concludes that he has sufficiently pleaded a § 1983 malicious prosecution claim against Shoreline on this basis.

The court reaches a different conclusion with respect to Mr. Mayanja's § 1983 malicious prosecution claim against Ms. Schultz Banchero and Ms. Mayanja. Mr. Mayanja contends that Ms. Schultz Banchero and Ms. Mayanja "wrongfully caused the charges [against Mr. Mayanja] to be filed." (*See* Am. Compl. ¶¶ 84, 92.) Mr. Mayanja is correct that § 1983 malicious prosecution actions "may be brought . . . against [non-prosecutors] who have wrongfully caused the charges to be filed." *Awabdy*, 368 F.3d at 1066. However, when a plaintiff brings a § 1983 claim against a non-prosecutor for conspiracy to maliciously prosecute, as Mr. Mayanja appears to do here (*see* Am. Compl. ¶ 84), the plaintiff must also allege specific facts showing that the defendant "controlled the decision-making process of the prosecutor," or "otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." *McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987). Mr. Mayanja has not alleged any facts demonstrating that Ms. Schultz Banchero or Ms. Mayanja controlled the prosecutors' decisions. (*See generally* Am. Compl.) He appears to allege, however, that Ms. Schultz Banchero or Ms. Mayanja engaged in "wrongful or bad faith

1 conduct" by "changing the narrative" and "suborning perjury." (*See id.* ¶ 84.) Mr. Mayanja asserts that Exhibits B and J—which include emails between Ms. Schultz Banchero, Ms. Mayanja, and other non-defendants—support his allegations. (*See id.*) Mr. Mayanja, however, does not point to any specific facts in these two exhibits that plausibly shows that Ms. Schultz Banchero and Ms. Mayanja colluded to "chang[e] the narrative" or to make false accusations. Nor does Mr. Mayanja allege sufficient *facts* demonstrating that the alleged collusion between Ms. Schultz Banchero and Ms. Mayanja was "actively instrumental in causing the *initiation* of legal proceedings." *McCarthy*, 827 F.2d at 1316. Accordingly, Mr. Mayanja's malicious prosecution claim against Ms. Schultz Banchero and Ms. Mayanja is dismissed without prejudice.

**C.    Fraud Claim**

Mr. Mayanja alleges that Defendants colluded to advance false accusations against him. (*See* Am. Compl. ¶¶ 101-109; *see id.* para 102 "[Ms.] Mayanja and [Ms.] Schultz Banchero actively and knowingly perpetuated a false narrative [] intended to align with [] Shoreline's objective of securing a conviction".) Specifically, he contends that Ms. Mayanja "state[d] that the assault occurred behind Lake Forest Park Mall" but then Ms. Schultz Banchero "induced [Ms. Mayanja] . . . to change the jurisdiction to Shoreline at Trader Joe's parking lot" and "[h]ad it not been for this change, Shoreline would not have had [j]urisdiction to prosecute plaintiff." (*Id.* ¶¶ 104-05 (citing Exs. B, D).) He also alleges that Ms. Schultz Banchero "induced [Ms.] Mayanja to change the story and omit the fact that she actually assaulted [Mr. Mayanja] first." (*Id.* ¶ 106 (emphasis omitted).) Mr. Mayanja contends that Ms. Schultz Banchero and Ms. Mayanja's "correspondence to

manipulate the record continued throughout the proceedings." (*See id.* ¶ 107.) Mr. Mayanja asserts that his allegations are supported by Exhibits B, D, and F. (*Id.* ¶¶ 102, 104, 105, 107, 108.)

Having reviewed the cited exhibits, the court concludes that Mr. Mayanja's allegations do not state a plausible fraud claim. Exhibit B contains various emails between Ms. Mayanja, Ms. Schultz Banchero, and third parties, but there are no communications showing Ms. Schultz Banchero "induc[ing]" Ms. Mayanja to "change her story." Exhibit D is a motion filed by Mr. Mayanja seeking dismissal of his criminal proceedings for alleged *Brady* violations, discovery violations, and other alleged prosecutorial misconduct. (*Id.*, Ex. D.) That motion, however, does not discuss alleged fraud or collusion between Defendants. Exhibit F is a statement given by Ms. Mayanja describing the events that precipitated Mr. Mayanja's criminal proceedings. (*Id.*, Ex. F.) The statement was prepared by a deputy of the King County Sheriff's Office based on an oral statement provided by Ms. Mayanja and does not appear to be connected to Ms. Schultz Banchero. (*See id.*) As pleaded, Mr. Mayanja's fraud allegations "stop[] short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 556 (internal quotation and citation omitted). Accordingly, Mr. Mayanja's fraud claim is dismissed without prejudice.

D.     **42 U.S.C. § 1985(3) Claim**

Mr. Mayanja also alleges a § 1985(3) claim, which "prohibits conspiracies for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws[.]" *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).

Mr. Mayanja's § 1985(3) claim is premised on the same allegations that he pleaded with respect to his fraud claim. (*See, e.g.*, Am. Compl. ¶¶ 113 (alleging that the "[o]bject of the conspiracy" "was to [c]hange the story from an assault behind [L]ake [F]orest [P]ark [M]all to an assault in Shoreline to fraudulently establish jurisdiction" and "omitting the fact that . . . [Ms.] Mayanja attacked [Mr. Mayanja] first"); *id.* ¶¶ 114-15 (alleging conspiracy to suppress and "ensure non-disclosure" of evidence).) Mr. Mayanja alleges that Defendants conspired "[t]hrough emails and phone calls[.]" (*Id.* ¶ 117 (citing Ex. B).) Having reviewed Mr. Mayanja's § 1985(3) claim allegations and the exhibits cited allegedly reflecting the conspiracy, the court concludes that Mr. Mayanja has not plausibly alleged facts sufficient to establish a conspiracy. Accordingly, his § 1985(3) claim is dismissed without prejudice.[6]

**E.    "Equal Protection" Claim**

The court understands Mr. Mayanja's "equal protection" claim to relate to his § 1985(3) claim. (*See* Am. Compl. ¶¶ 121, 125 (describing the alleged conspiracy); 42 U.S.C. § 1985(3) (prohibiting conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the *equal protection* of the laws") (emphasis added). Under his alleged "equal protection" cause of action, Mr. Mayanja

---

[6] Under his § 1985(3) cause of action, Mr. Mayanja appears to include prosecutors Emma Vetter and Carmen McDonald as "defendants" who participated in the alleged conspiracy. (*See* Am. Compl. ¶ 116.) Mr. Mayanja's claims against Ms. Vetter and Ms. McDonald, however, were dismissed from this action in the court's prior order. (*See* 4/1/25 Order.) Furthermore, Mr. Mayanja did not name Ms. Vetter and Ms. McDonald as defendants in his amended complaint. (*See* Am. Compl. ¶¶ 3-7) (omitting Ms. Vetter and Ms. McDonald as defendants).) Accordingly, the court does not consider these allegations against Ms. Vetter and Ms. McDonald.

asserts that Shoreline "legitimize[d] [] egregious racial bias as a 'legitimate trial strategy[.]'"  (Am. Compl. ¶ 124 (citing Ex. K).)  Exhibit K includes Shoreline's response to Mr. Mayanja's motion for a new trial in his criminal proceedings.  (*See* Am. Compl., Ex. K at 217-32.)  The court has carefully reviewed Exhibit K and cannot locate any portion thereof from which the court could "draw the reasonable inference" that Defendants are "liable for the misconduct alleged."  *Twombly*, 550 U.S. at 555.  Nor does Mr. Mayanja plead any specific facts demonstrating collusion or racial bias.  (*See generally* Am. Compl.)  Mr. Mayanja's "equal protection" claim is therefore dismissed without prejudice.

F.  **"Manifest Negligence" Claim**

Mr. Mayanja also alleges that Shoreline is liable for "manifest negligence" in connection with Ms. Vetter and Ms. McDonald's purported failure to turn over exculpatory evidence.  (*See* Am. Compl. ¶¶ 129-35.)  As Mr. Mayanja acknowledges, the court dismissed his "manifest negligence" claims against Ms. Vetter and Ms. McDonald in its April 1, 2025 order on the basis that prosecutors are immune from civil damages suits for failing to turn over exculpatory evidence.  (4/1/25 Order at 10.)  Having determined that Ms. Vetter and Ms. McDonald cannot be held liable for "manifest negligence" (*see id.*), Mr. Mayanja's negligence claim cannot stand against Shoreline and is hereby dismissed with prejudice.  *See Merrill v. Golik*, No. C12-5674KLS, 2013 WL 5176844, at *11 (W.D. Wash. Sept. 13, 2013) (dismissing negligence claims against the City of Vancouver after determining that detective was not liable for negligence).

**G.     Leave to Amend**

Mr. Mayanja's substantive due process claim against Ms. Mayanja and his manifest negligence claim are dismissed with prejudice as legally erroneous. The court dismisses Mr. Mayanja's § 1983 malicious prosecution claim against Ms. Schultz Banchero and Ms. Mayanja, as well as his fraud, § 1985(3) conspiracy, and equal protection claims for failure to state a claim, without prejudice and without leave to amend. "A trial court's discretion to deny a motion for leave to amend is particularly broad where, as here, a plaintiff previously has been granted leave to amend." *Booth v. Pioli*, No. C10-5204RBL-KLS, 2010 WL 5591249, at *5 (W.D. Wash. Dec. 27, 2010) (citing *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 879 (9th Cir. 1999)); *see also Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008) (concluding amendment would be futile where plaintiffs already filed an amended complaint containing the same defects as their original complaint). Mr. Mayanja was previously granted leave to amend his complaint, but his amended complaint continues to suffer from many of the same deficiencies as identified in the court's April 1, 2025 order. Furthermore, having reviewed the exhibits that Mr. Mayanja alleges reflect his § 1983 malicious prosecution claim against Ms. Schultz Banchero and Ms. Mayanja, as well as his fraud, § 1985(3) conspiracy, and equal protection claims, the court concludes that further leave to amend would be futile. *See Kendall*, 518 F.3d at 1051-52.

## IV.     CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

(1) Mr. Mayanja's substantive due process claim against Ms. Mayanja is

DISMISSED with prejudice;

(2) Mr. Mayanja's § 1983 malicious prosecution claim against Ms. Schultz Banchero and Ms. Mayanja is DISMISSED without prejudice;

(3) Mr. Mayanja's fraud claim is DISMISSED without prejudice;

(4) Mr. Mayanja's claim under 42 U.S.C. § 1985(3) is DISMISSED without prejudice;

(5) Mr. Mayanja's equal protection claim is DISMISSED without prejudice;

(6) Mr. Mayanja's manifest negligence claim is DISMISSED with prejudice;

(7) The Clerk is DIRECTED to issue the summons to Defendants the City of Shoreline, Ms. Roberts, and Ms. Schultz Banchero.

Dated this 16th day of May, 2025.

JAMES L. ROBART
United States District Judge