UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISAAC NSEJJERE MAYANJA, | CASE NO. C25-0429JLR |
| Plaintiff, | ORDER |
| v. | |
| CITY OF SHORELINE, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court is *pro se* Plaintiff Isaac Nsejjere Mayanja's motion to substitute named Defendants "Does 1-25" for prosecutors Emma Vetter and Carmen McDonald in their official capacities. (Mot. (Dkt. # 11).) To ensure the just and speedy resolution of this matter, the court exercises its discretion to decide Mr. Mayanja's motion before the noting date. *See* Fed. R. Civ. P. 1. The court has reviewed Mr. Mayanja's motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Mayanja's motion.

ORDER - 1

## II. BACKGROUND AND ANALYSIS

In March 2025, Mr. Mayanja filed this action against the City of Shoreline, City Attorney Sarah Roberts, prosecutors Emma Vetter and Carmen McDonald, City Victim Coordinator Alyssa Schultz Banchero, and Michelle Rene Mayanja. (Compl. (Dkt. # 4).) As relevant here, Mr. Mayanja sued Ms. Vetter and Ms. McDonald in both their individual and official capacities. (*See* Compl. at 16-17; *see also* 4/1/25 Order (Dkt. # 6) at 1 n.1.) In his original complaint, Mr. Mayanja alleged that Ms. Vetter and Ms. McDonald: (1) violated *Brady* by failing to turn over exculpatory or impeaching information before or during his trial (Compl. at 23-30); (2) engaged in malicious prosecution in connection with the same trial (Compl. at 34, 37; *see also id.* at 38-44); (3) committed "manifest negligence" in connection with their failure to turn over exculpatory or impeaching information; and (4) engaged in a conspiracy under 42 U.S.C. § 1985(3) (Compl. at 51-52). The court dismissed Mr. Mayanja's *Brady* claims and manifest negligence claims with prejudice,[1] dismissed his malicious prosecution claim without prejudice and with leave to amend, and dismissed his section 1985(3) claims without prejudice and with leave to amend. (4/1/25 Order at 5-6, 8-11.)

On April 30, 2025, Mr. Mayanja timely filed an amended complaint. (Am. Compl. (Dkt. # 7); *see* 4/1/25 Order at 11 (ordering Mr. Mayanja to file an amended complaint by 4/30/25).) In his amended complaint, Mr. Mayanja alleged the following

---

[1] Specifically, the court concluded that Ms. Vetter and Ms. McDonald were immune from Mr. Mayanja's *Brady* claims in their individual capacities, and that Mr. Mayanja's *Brady* claims against Ms. Vetter and Ms. McDonald in their official capacities were barred by the Eleventh Amendment. (4/1/25 Order at 5-6.)

claims: (1) violation of his substantive due process rights in connection with the alleged suppression of exculpatory or impeaching information during his criminal proceedings; (2) municipal liability in connection with Shoreline and Ms. Robert's alleged ratification of the suppression of exculpatory or impeaching information; (3) malicious prosecution in connection with Shoreline's decision to initiate and continue the criminal proceedings against him; (4) fraud and collusion to "manipulate" the record to secure a conviction against him; (5) section 1985(3) conspiracy; (6) "equal protection"; and (7) "manifest negligence." (Am. Compl. ¶¶ 39-135.) In reviewing Mr. Mayanja's amended complaint, the court concluded that Mr. Mayanja sufficiently pleaded a substantive due process claim against Shoreline, Ms. Roberts, and Ms. Schultz Banchero, a *Monell* municipal liability claim against Shoreline, and a section 1983 malicious prosecution claim against Shoreline and Ms. Roberts. (5/16/25 Order (Dkt. # 8) at 4-10.) The court dismissed the remainder of Mr. Mayanja's claims.[2] Accordingly, following the entry of the court's April 1, 2025 and May 16, 2025 orders, Shoreline, Ms. Roberts, and Ms. Schultz Banchero were the only remaining Defendants in this case.

In the instant motion, Mr. Mayanja seeks to substitute Defendant "Does 1-25" for Ms. Vetter and Ms. McDonald. (*See* Mot.) Mr. Mayanja asserts that

> [b]ecause [he] was up against the April 30, 2025 deadline to file [his] Amended Complaint, he chose to refer to [Ms. Vetter and Ms. McDonald] in the Amended Complaint as 'Does 1-25 inclusive" and did not specifically name [Ms. Vetter and Ms. McDonald] in their official capacities until further research.

---

[2] The court explained the basis for its dismissal of Mr. Mayanja's claims for fraud, section 1985(3) conspiracy, "equal protection", and "manifest negligence" in its May 16, 2025 order and does not repeat that analysis here. (5/16/25 Order at 10-13.)

(Mot. at 1 (emphasis omitted).)³ The court understands Mr. Mayanja to assert that he intended to name Ms. Vetter and Ms. McDonald as defendants in his amended complaint, even though he did not explicitly name them as defendants.

The court has reviewed the allegations in Mr. Mayanja's amended complaint regarding Ms. Vetter and Ms. McDonald and concludes that his motion must be denied. As the court explained in its last two orders, to survive the requisite pleading standards, Mr. Mayanja's complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level" and "factual content that allows the court to draw the reasonable inference that [each] defendant is liable for the misconduct alleged." (4/1/25 Order at 4; 5/16/25 Order at 3 (citing cases).) In his amended complaint, Mr. Mayanja's allegations regarding Ms. Vetter and Ms. McDonald relate to their alleged suppression and concealment of potentially exculpatory and impeaching information, their alleged use of false testimony, and other similar conduct while acting in their capacities as prosecutors during his criminal proceedings. (*See* Am. Compl. ¶¶ 17, 20, 21, 22, 25, 27, 34, 53, 62, 64, 69, 74, 83, 116, 122-23).) But these claims are barred by prosecutorial immunity. *See Waggy v. Spokane Cty. Wash.*, 594 F.3d 707, 710 (9th Cir. 2010) (prosecutorial immunity applies to prosecutor's conduct in pursuing a criminal prosecution); *Milstein v. Cooley*, 257 F.3d 1004, 1008-09 (9th Cir. 2001)

---

³ Mr. Mayanja also appears to argue that the court previously dismissed his original complaint's claims against Ms. Vetter and Ms. McDonald in their individual capacities only and not in their official capacities. This contention, however, is inaccurate. (*See* 4/1/25 Order at 5-6 (dismissing claims against Ms. Vetter and Ms. McDonald in their individual and official capacities).)

(prosecutorial immunity covers claims of the use of false testimony at trial, malicious prosecution, and suppression of exculpatory evidence); *see also Bell v. Olson*, No. C21-781JCC-SKV, 2022 WL 305402, at *3 (W.D. Wash. Feb. 2, 2022) (collecting cases). Consequently, Mr. Mayanja has not stated a claim against Ms. Vetter and Ms. McDonald, and his motion to substitute must therefore be denied.

### III.  CONCLUSION

For the foregoing reasons, the court DENIES Mr. Mayanja's motion to substitute Ms. Vetter and Ms. McDonald as defendants (Dkt. # 11).

Dated this 24th day of June, 2025.

JAMES L. ROBART
United States District Judge